

# Neufeld Scheck & Brustin, LLP

Tel: [212] 965-9081  
Fax: [212] 965-9084

99 Hudson Street, 8th Floor  
New York, New York 10013  
nsbcivilrights.com

May 25, 2021



USDC SDNY  
DOCUMENT  
ELECTRONICALLY FILED  
DOC #:  
DATE FILED: 5/26/2021

**Via ECF**

Hon. Robert W. Lehrburger  
United States Magistrate Judge  
Southern District of New York  
Daniel Patrick Moynihan U.S. Courthouse  
500 Pearl Street  
New York, NY 10007

Re: *Fernandez v. City of New York*, 20 Civ. 10498 (ALC) (RWL)

Dear Judge Lehrburger:

Plaintiff Pablo Fernandez respectfully moves for an order removing this case from the plan contemplated by Local Rule 83.10 (the "Section 1983 Plan"). Defendants' counsel has represented that they do not oppose this request. Plaintiff's request should be granted because expedited discovery is particularly appropriate here, given that the events in question took place more than twenty-five years ago, creating a heightened risk that key evidence will be lost due to the passage of time. In addition, expedited discovery will assist Plaintiff, who has already received discovery in a pending action filed in the New York Court of Claims based on the same facts, in conducting discovery speedily, thereby facilitating an expeditious and efficient disposition of the matter, consistent with the core goal of the Section 1983 Plan.

Either *sua sponte* or at the request of plaintiffs or defendants, courts routinely withdraw matters from the Section 1983 Plan. *See, e.g.,* Order, ECF. No. 13, *Williams* v. *City of New York*, 20 Civ. 478 (Jan. 23, 2021) (Hellerstein, J.) (*sua sponte*); Order, ECF No. 10, *Gomez* v. *City of New York*, 13 Civ. 1822 (LAK)(RLE) (Dec. 12, 2013) (Ellis, J.) (order granting defendant's request to opt out of the Section 1983 Plan); Order, ECF No. 24, *Rosario* v. *City of New York*, 18 Civ. 4023 (LGS) (June 26, 2018) (Schofield, J.) (order granting plaintiffs' request to opt out of Section 1983 Plan over defendants' objection). Courts have granted such requests where there has been a need for expedited discovery due to the time elapsed following the underlying events in the matter (twenty-two years) (*see Rosario*, ECF Nos. 20, 24) and/or where there is little prospect of early settlement (*id.*; *see Gomez*, ECF Nos. 7, 10). In *Gomez*, Judge Ellis granted the request where defendants stated they would take a "no pay" position after reviewing the case and receiving limited discovery. Plaintiff's counsel is not aware of any case where a request to remove a matter from the Plan has been denied.

Here, there is a need for expedited discovery. This case arises from Mr. Fernandez's 1995 wrongful prosecution and 1996 wrongful conviction for a murder he did not commit. In the intervening twenty-six years (longer than in *Rosario*), two of the defendants (who were also

significant witnesses in the case) have died, one of whom unfortunately passed away between the time Plaintiff filed his complaint and Defendants answered. *See* ECF No. 39. Other witnesses have not yet been ascertained. As courts recognize, over the passage of time, memories fade, witnesses become unavailable, and evidence becomes stale. Any further delay in discovery caused by mandatory mediation under the Section 1983 Plan risks still further loss of evidence.

Moreover, discovery has already begun in a similar action brought by Plaintiff in the New York Court of Claims, alleging wrongful conviction, based on the same underlying facts alleged in this action. With this limited discovery already in hand, Plaintiff should be able to conduct discovery in a more targeted and speedy manner, and thus expeditiously, consistent with the intent behind the Section 1983 Plan.

Finally, Plaintiff is represented by two sophisticated law firms, both with experience litigating Section 1983 claims, including wrongful conviction cases. Plaintiff no doubt will be able engage in settlement talks and conduct discovery simultaneously, reducing time spent litigating the matter.

For the reasons set forth above, Plaintiff believes the Section 1983 Plan is not appropriate for this case. We therefore respectfully move for an order exempting this case from the Plan.

Sincerely,

*/s/ Amelia Green*
Amelia Green
Neufeld Scheck & Brustin, LLP
99 Hudson Street, 8th Floor
New York, NY 10013
amelia@nsbcivilrights.com
T: (212) 965-9081/ F: (212) 965-9084

CC: All counsel of record (via ECF)

So Ordered. This case is exempted from Local Rule 83.10.

SO ORDERED:
5/26/2021

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

2