UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PABLO FERNANDEZ,

                Plaintiff,

    v.

THE CITY OF NEW YORK, NEW YORK, YORK, a municipal entity; Officer ALBERT J. MELINO, in his individual capacity; WILLIAM J. CARLIN, Jr., as Administrator of the Estate of Detective MARK C.TEBBENS, in his individual capacity; Detective WILLIE PARSON, in his individual capacity; Manhattan District Attorney Investigators ANGEL L. GARCIA, STEPHAN MSHAR, TERRENCE QUINN, in their individual capacities, and OTHER AS-YET-UNKNOWN JOHN AND JANE DOE OFFICERS, DETECTIVES, INVESTIGATORS #1-10 & SUPERVISORS #11-12, in their individual capacities,

                Defendants.

Case No. 20-cv-10498-ALC-RWL

## **STIPULATION OF SETTLEMENT**

WHEREAS, Plaintiff Pablo Fernandez commenced this action by filing a complaint on December 11, 2020, alleging that the defendants violated his federal civil and state common law rights; and

WHEREAS, plaintiff filed an amended complaint on or about August 18, 2021; and

WHEREAS, defendants have denied any and all liability arising out of Plaintiff's allegations; and

WHEREAS, on March 23, 2022, the claims in Plaintiff's complaint for future damages, including but not limited to future economic losses and future non-economic damages and injuries, against Defendants City of New York, Albert J. Melino, William J. Carlin, Jr., as Administrator

of the Estate of Detective Mark C. Tebbens, Willie Parson, Angel L. Garcia, Stephan Mshar, Terrence Quinn, and other as-yet-unknown John and Jane Doe officers, detectives, investigators #1-10 and supervisors #11-12 were ordered dismissed; and

WHEREAS, the parties now desire to resolve the remaining issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

WHEREAS, Plaintiff has authorized his counsel to settle this matter on the terms set forth below;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed against all defendants, with prejudice, and without costs, expenses, or attorneys' fees except as specified in paragraph 2 below.

2. Defendant City of New York hereby agrees to pay Plaintiff Pablo Fernandez the sum of Twelve Million and No/00 ($12,000,000.00) Dollars in full satisfaction of all claims, including claims for costs, expenses, and attorneys' fees.  In consideration for the payment of this sum, Plaintiff agrees to dismissal of all the claims against the defendants and to release defendants City of New York, Albert J. Melino, William J. Carlin, Jr., as Administrator of the Estate of Detective Mark C. Tebbens, Willie Parson, Angel L. Garcia, Stephan Mshar, Terrence Quinn, and other as-yet-unknown John and Jane Doe officers, detectives, investigators #1-10 and supervisors #11-12; their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of the civil rights of Pablo Fernandez, and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3. Notwithstanding anything herein to the contrary, it is understood and agreed that this settlement of Twelve Million and No/00 ($12,000,000.00) Dollars does not compensate Plaintiff in relation to any of Plaintiff's claims in this action for future damages, including but not limited to future economic losses and future non-economic damages and injuries, against City of New York, Albert J. Melino, William J. Carlin, Jr., as Administrator of the Estate of Detective Mark C. Tebbens, Willie Parson, Angel L. Garcia, Stephan Mshar, Terrence Quinn, and other as-yet-unknown John and Jane Doe officers, detectives, investigators #1-10 and supervisors #11-12. All claims in this action for future damages against the defendants in this above captioned action were previously dismissed with prejudice on March 23, 2022.

4. Plaintiff shall execute and deliver to the City of New York's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above, IRS Form W-9, and an Affidavit of Status of Liens. Prior to tendering the requisite documents to effect this settlement, Medicare-recipient plaintiffs must obtain and submit a final demand letter from Medicare for the reimbursement of any conditional payments made by Medicare for any injury or condition that is the subject of this lawsuit. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

5. The total settlement cost constitutes damages on account of wrongful incarceration within the meaning of § 139F of the Internal Revenue Code of 1986, as amended.

6. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated Plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department

or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except to enforce the terms of this agreement.

7. Nothing herein shall be deemed to compromise Plaintiff's claim for damages against the State of New York for Unjust Conviction pursuant to Section 8-b of the Court of Claims Act, captioned *Pablo Fernandez* v. *The State of New York* and bearing Court of Claims No. 134918.

8. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

9. Plaintiff agrees to hold harmless defendants regarding any liens or past and/or future Medicare payments, presently known or unknown, in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

10. This Stipulation of Settlement contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation of Settlement regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
May 2, 2022

| | |
|---|---|
| **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP** | **HON. SYLVIA O. HINDS-RADIX, CORPORATION COUNSEL OF THE CITY OF NEW YORK** |

By: */s/ David W. Brown*
David W. Brown
Arianna Markel
Kerissa Barron
Scott Kennedy

1285 Avenue of the Americas
New York, NY 10019-6064
dbrown@paulweiss.com
T: (212) 373-3000
F: (212) 757-3990

**NEUFELD SCHECK & BRUSTIN, LLP**
Emma Freudenberger
Amelia Green
Sona Shah
Katie Haas
Tony Joe

99 Hudson Street, 8th Floor
New York, NY 10013
emma@nsbcivilrights.com
amelia@nsbcivilrights.com
T: (212) 965-9081
F: (212) 965-9084

*Attorneys for Plaintiff Pablo Fernandez*

By: */s/ Qiana Smith-Williams*
Qiana Smith-Williams
Richard Bahrenburg

100 Church Street
New York, New York 10007
qwilliam@law.nyc.gov
T: (212) 356-2360
F: (212) 356-3509

*Attorney for Defendants City of New York, Albert J. Melino, Willie Parson, Angel L. Garcia, and Terrence Quinn*

5